UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

DRAYTON GREER

CIVIL ACTION NO. 08-cv-2005

VERSUS

DISTRICT JUDGE DEE D. DRELL
MICHAEL ASTRUE, COMMISSIONER       MAGISTRATE JUDGE JAMES D. KIRK
   OF SOCIAL SECURITY

## REPORT AND RECOMMENDATION

Drayton Greer ("Greer") filed applications for Disability Insurance Benefits ("DIB") and Social Security Income ("SSI") on September 27, 2006 (R. 79-83)  The claim was initially denied on December 15, 2006 and Greer timely filed a request for hearing before an Administrative Law Judge ("ALJ") (R. 52-53, 59-60).  The ALJ held a hearing on May 19, 2008 and issued an unfavorable decision on August 15, 2008 (R. 10-51). Greer sought review by the Appeals Council in August of 2008 but review was denied (R. 1-5). Accordingly, the decision became the final decision of the Commissioner of Social Security ("the Commissioner").  Greer then filed the instant action seeking judicial review of the Commissioner's decision.

To qualify for DIB and SSI under Title XVI of the Social Security Act, a claimant must file an application and be an "eligible individual" as defined in the Act.  42 U.S.C. §1381(a). Eligibility is dependent upon disability, income and other

financial resources.  42 U.S.C. §1382(a).  To establish disability, a claimant must demonstrate a medically determinable physical or mental impairment that can be expected to last for a continuous period of not less than twelve (12) months.  Claimant must also show that the impairment precludes performance of the work previously done, or any other kind of substantial gainful employment that exists in the national economy.  42 U.S.C. §1382(a)(3).

### Summary of Pertinent Facts

Greer, his attorney and Vocational Expert Richard Galloway ("VE") attended a hearing on May 19, 2008 (R. 23).  Greer set forth a disability onset date of April 14, 2005 due to bursitis in his hip, knees shoulders and back (R. 54).  The onset date coincided with  his last day his employment as a slot maintenance manager. Greer testified he could no longer work as he was unable to lift or walk the floor of the casino (R. 30, 37).

At the hearing, Greer testified he could only stand five minutes and walk ten feet without his walker (R. 31).  On his Adult Function Report, he noted he could walk 200 feet but then must rest 20 to 30 minutes before he could resume walking (R. 119).  He stated that he felt he could do sedentary work but then added that he would need to lie down throughout the day because of his back problems (R. 32).  He further advised that his pain is constant regardless of position (R. 33, 122-129).

2

The ALJ posed a hypothet to the VE about whether jobs existed in significant numbers for someone with claimant's age, education and work experience who could lift ten pounds occasionally and five pounds frequently, stand and walk a total of two hours and sit six hours in an eight hour work day and whose interaction with the public needed to be limited (R. 45). The ALJ indicated that such a person would be able to do sedentary work such as assembly work or that of a production inspector/examiner (R. 45). The VE testified that these jobs were semi-skilled sedentary jobs with an SVP of 3 or 4 (R. 47). He advised that while a person performing these jobs would be able to get up and move around occasionally, they would not be able to get up every 15 to 20 minutes or lie down throughout the day (R. 47, 49).

The ALJ rendered his decision on August 15, 2008 and found that Greer met the insured status requirement and had not engaged in substantial gainful activity since the alleged onset date (R. 15). Greer's severe impairments included: degenerative changes of the left shoulder, minimal degenerative spurring affecting the left knee, status post fracture of the left tibia/fibula, hepatitis, chronic obstructive pulmonary disease, a history of alcohol abuse and an alcohol-induced mood disorder with depression and anxiety (R. 15). However, none of the impairments or a combination thereof met or medically equaled one of the listed impairments (R. 15).

The ALJ found that Greer had a residual functional capacity

3

("RFC") to perform a range of sedentary work as defined in 20 C.F.R. 404.1567(a) and 416.967(a) (R. 18).  The ALJ found he could lift and carry ten pounds occasionally and five pounds frequently. (R. 18).  He could stand and walk two hours in a workday and sit six hours (R. 18).  His push pull was limited only to the extent he was able to lift and carry and he could perform tasks requiring limited interaction with the general public (R. 18).  Considering this RFC along with Greer's age, education and work experience, the ALJ found there were jobs which existed in significant numbers in the national economy which he could perform (R. 21).  Specifically noted were the jobs of assembly worker and product inspector (R. 22).  Accordingly, the ALJ found Greer had not been under a disability from April 14, 2005 through the date of the decision (R. 22).

## Standard of Review

In considering Social Security appeals such as the one presently before the Court, the Court is limited by 42 U.S.C. §405(g) to a determination of whether substantial evidence exists in the record to support the Commissioner's decision and whether the decision comports with relevant legal standards.  McQueen v. Apfel, 168 F.3d 152, 157 (5th Cir. 1999).  For the evidence to be substantial, it must be relevant and sufficient for a reasonable mind to support a conclusion.  It must be more than a scintilla but need not be a preponderance.  Falco v. Shalala, 27 F.3d 160, 162

4

(5th Cir. 1994), citing <u>Richardson v. Perales</u>, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).  Finding substantial evidence does not involve a simple search of the record for isolated bits of evidence which support the Commissioner's decision but must include a scrutiny of the record as a whole.

A court reviewing the Commissioner's decision may not retry factual issues, re-weigh evidence, or substitute its judgment for that of the fact-finder. <u>Fraga v. Bowen</u>, 810 F.2d 1296, 1302 (5th Cir. 1987); <u>Dellolio v. Heckler</u>, 705 F.2d 123, 125 (5th cir. 1983). The resolution of conflicting evidence and credibility choices is for the Commissioner and the ALJ, rather than the court.  <u>Allen v. Schweiker</u>, 642 F.2d 799, 801 (5th Cir. 1981).  Also, <u>Anthony v. Sullivan</u>, 954 F.2d 289, 295 (5th Cir. 1992).  The court does have authority, however, to set aside factual findings which are not supported by substantial evidence and to correct errors of law. <u>Dellolio</u>, 705 F.2d at 125.  However, to make a finding that substantial evidence does not exist, a court must conclude there is a "conspicuous absence of credible choices" or "no contrary medical evidence."  <u>Johnson v. Bowen</u>, 864 F.2d 340, 343-344 (5th Cir. 1988); citing, <u>Hames v. Heckler</u>, 707 F.2d 162, 164 (5th Cir. 1983).  Also, <u>Dellolio</u>, 705 F.2d at 125.

<u>Issues</u>

Greer raises the following issue for appellate review:

(1)   The Commissioner erred as a matter of law in incorrectly citing vocational expert testimony in

denying this claim; and

(2)   The Commissioner erred as a matter of law in evaluating plaintiff's complaints of pain.

Vocational Expert Testimony

Greer contends this case should be remanded because the ALJ relied upon the VE's testimony regarding semi-skilled sedentary jobs in support of his determination as whether there were unskilled sedentary jobs Greer could perform.  The ALJ writes:

> To determine the extent to which these limitations erode the unskilled sedentary occupational base, the Administrative Law Judge asked the vocational expert whether jobs exist in the national economy for an individual with claimant's age, education, work experience and residual functional capacity.

The undersigned believes the use of the term unskilled was inadvertent or a typographical error.

The record reveals the ALJ knew at the time of the hearing that the jobs which the VE specified were all semi-skilled jobs (R. 47).  Additionally, the ALJ verified that the jobs were not as skilled as what Greer did as a slot maintenance manager (R. 47). Greer completed high school in regular classes and testified he completed three years of college (R. 28-29, 102).[1]  He also trained to be and worked as an emergency medical technician (R.28-29, 102).

Semi-skilled work is work which needs some skills but does not require doing more complex work duties. 20 C.F.R. §404,1568(b),

---

[1]  The Adult Disability Report indicates that Greer finished one year of college (R. 102).

6

416.968(b).   Greer fails to provide any evidence that he cannot perform semi-skilled work and the record indicates that there is no reason he cannot.

Complaints of Pain

Greer contends the ALJ erroneously found he lacked credibility with respect to his complaints of pain.   "Whether pain is disabling is an issue for the ALJ, who has the primary responsibility for resolving conflicts in the evidence." Chambliss v. Massanari, 269 F.3d 520, 522 (5ᵗʰ Cir. 2001).   The evaluation of a claimant's subjective symptoms is a task particularly within the province of the ALJ who has had an opportunity to observe whether the person seems to be disabled. Loya v. Heckler, 707 F.2d 211, 215 (5th Cir. 1983).   The ALJ's decision on the severity of pain is entitled to considerable judicial deference. James v. Bowen, 793 F.2d 702, 706 (5th Cir. 1986); Jones v. Bowen, 829 F.2d 524, 527 (5th Cir. 1987). Such a credibility determination is within the province of the ALJ. Carrier v. Sullivan, 944 F.2d 243, 247 (5th Cir. 1991); Wren v. Sullivan, 925 F.2d 123, 128-29 (5th Cir. 1991).   Hence, the law requires the ALJ to make affirmative findings regarding a claimant's subjective complaints and articulate his reasons for rejecting any subjective complaints.   Falco v. Shalala, 27 F.3d 162, 163-64 (5th Cir. 1994).

The  ALJ found that Greer's statements regarding intensity, persistence and limiting effects of his impairments were credible

7

to the extent they are consistent with objective medical evidence. He found that Greer's complaints of back pain were unsubstantiated as MRI results from April 23, 2007 of the lumbar spine was normal. The ALJ also noted that the record lacked any medical evidence of Greer having broken his back or showing an abnormality of his neck. The ALJ also noted that despite Greer's complaints of persistent knee pain, examinations reveal the range of motion was full and did not change with repetitive movement and any abnormalities were minimal. Additionally, Greer was able to take care of his activities of daily living, including shopping. The only substantiated complaint the ALJ saw was Greer's shoulder and he acknowledged that while Greer had "proven that he has some pain" and that was "taken into account in finding the claimant [wa]s able to perform the exertional demands of no more than sedentary work activity." (R. 20).

The ALJ in this case made the mandatory indication of the basis for his credibility choices concerning Greer's complaints. The choices are not unreasonable. Thus, his finding that Greer's testimony regarding chronic pain lacked credibility is proper.

Conclusion

Accordingly, IT IS RECOMMENDED that Greer's appeal be DENIED WITH PREJUDICE.

Under the provision of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from

service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this ⁀⁀ day of July 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE